IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **DELONTE C.,** | * |
| | * |
| **Plaintiff,** | * |
| | *     **Civil No. TMD 20-2436** |
| v. | * |
| | * |
| | * |
| **KILOLO KIJAKAZI,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| **Defendant.**[1] | * |

************

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Delonte C. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for child's disability benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

follow, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

Plaintiff filed an application for child's disability benefits on April 7, 2017, and an application for SSI on March 17, 2017, alleging disability beginning on January 1, 2005. R. at 16. On July 18, 2019, Administrative Law Judge ("ALJ") William J. King, Jr., held a hearing where Plaintiff, his brother, and a vocational expert ("VE") testified. R. at 35-68. At the hearing Plaintiff amended his alleged onset date of disability to March 17, 2017. R. at 17, 40, 300. The ALJ thereafter found on October 1, 2019, that Plaintiff was not disabled from March 17, 2017, through the date of the ALJ's decision. R. at 13-34. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since March 17, 2017, and that his neurodevelopmental disorder, learning disorder, borderline intellectual functioning, and adjustment disorder were severe impairments. R. at 19. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 19-22. In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. R. at 20.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels with the following nonexertional limitations. [Plaintiff] is capable of unskilled work defined as work involving simple, one to two-step tasks with simple work related decisions. He can perform work where there is no requirement to meet defined production quotas such as in production line work.

R. at 22. In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform work in the national economy such as a waxer, bagger, or general laborer. R. at 27-28. The ALJ thus found that Plaintiff was not disabled from March 17, 2017, through October 1, 2019. R. at 28.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 24, 2020, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

6

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-11, ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 5. In particular, he contends that the ALJ "failed to provide any explanation of the evidence upon which he relied to make [a] determination [of Plaintiff's mental RFC], and failed to provide any explanation of what he meant by the terms 'defined production quotas' and 'production line.'" *Id.* at 6. Plaintiff also argues that the ALJ failed to include any limitation on concentration or task persistence in his RFC assessment. *Id.* at 8-10. Plaintiff finally asserts that the ALJ failed to evaluate properly pertinent evidence. *Id.* at 10-11. For the following reasons, Plaintiff's contentions are unavailing.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

>work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks

differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Plaintiff first argues that the ALJ's decision defies review because the ALJ found that he could "perform work where there is no requirement to meet defined production quotas such as in production line work" (R. at 22) without defining "defined production quotas such as in production line work." Pl.'s Mem. Supp. Mot. Summ. J. 6-8 (citing *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019); *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019)). In *Thomas*, 916 F.3d at 312, the ALJ's RFC assessment limiting the claimant to work not "requiring a production rate or demand pace" frustrated review because the court lacked enough information to understand what those terms meant. By contrast, the terms used by the ALJ here are "terms that are subject to common understanding," as the term "defined production quotas such as in production line work" "plainly relates to the rigidity of the occupations' production requirements—whatever those requirements may be." *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (Gallagher, J.). Thus, the inclusion of

this term in the ALJ's RFC assessment does not frustrate meaningful review. *See id.* (determining that inclusion of "no strict production quotas" in ALJ's RFC assessment did not frustrate appellate review).

Plaintiff's argument that the ALJ failed to include any limitation on concentration or task persistence in his RFC assessment is also unavailing, as "the ALJ included a specific limitation that addresses persistence or pace in the RFC determination." *Id.* (finding that ALJ's RFC assessment limiting claimant to work that did not meet strict production requirements satisfied *Mascio*'s requirements). The ALJ also afforded great weight to the opinion of the state agency consultant who opined that Plaintiff had moderate difficulties in concentration, persistence, or pace and would perform optimally at simple tasks in workplace environments that entailed minimal novelty (R. at 25, 130, 134, 141, 145). The ALJ found that the opinion was consistent with the Plaintiff's most recent psychological evaluation (R. at 25). "Thus, the ALJ explained his reasoning with respect to the RFC determination and cited to substantial evidence that supported his conclusion. The ALJ's decision contains the 'accurate and logical bridge' required between the evidence and the ALJ's conclusion." *Id.* (citing *Monroe*, 826 F.3d at 190). Remand under *Mascio* is thus not warranted. *See id.*

Last, Plaintiff contends that the ALJ erred in failing to include a limitation in the RFC assessment related to his need for extra supervision as opined by the state agency consultants. Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 14-1. He also maintains that the ALJ erred in failing to address his limitations as opined by a consultative examiner. *Id.* at 10-11. "First, with respect to Plaintiff's argument that the ALJ erred in both assigning [great] weight to certain opinion evidence and omitting certain limitations contained therein, the Fourth Circuit has

10

rejected this reasoning in *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017)." *Kenneth L.*, 2021 WL 4198408, at *3.

> In *Sizemore*, the ALJ heavily weighed two medical opinions in which the physicians opined that the plaintiff was moderately limited in several sub-categories considered when evaluating a claimant's concentration, persistence, or pace limitations. The physicians each explained that the plaintiff was nonetheless able to persist while working on simple tasks. The Fourth Circuit thus rejected the plaintiff's argument that the ALJ erred in failing to include all the moderate limitations in the RFC determination because the physicians explained the moderate limitation could be accommodated by a limitation to simple tasks and the ALJ included that limitation in the RFC determination. Plaintiff's argument in this case thus mirrors the argument that the Fourth Circuit has already rejected.

*Id.* (citations omitted); *see Sizemore*, 878 F.3d at 80-82. "Second, with respect to other evidence Plaintiff identifies that he argues the ALJ need have accounted for in the RFC determination, an ALJ need only support his conclusions with substantial evidence." *Kenneth L.*, 2021 WL 4198408, at *3 (citing 42 U.S.C. § 405(g)). "The ALJ is not required to credit each piece of evidence presented by a claimant. In this case, the ALJ found that Plaintiff's subjective statements as to his limitations were not entirely credible." *Id.* "Requiring the ALJ to incorporate further limitations would amount to this Court reweighing the evidence. This Court is not empowered to make findings of fact." *Id.* For these reasons, remand is not warranted.

Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock*, 667 F.3d at 472. When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision. *Shinaberry*, 952 F.3d at 123. Because substantial evidence in the record supports the decision of the ALJ, who applied the correct legal standards here, the Court affirms the Commissioner's final decision.

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) are **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 24, 2021                                /s/
                                                  Thomas M. DiGirolamo
                                                  United States Magistrate Judge